UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, 45th President of the United States of America, in his individual capacity,<br><br>                                    Plaintiff,<br><br>v.<br><br>SIMON & SCHUSTER, INC., a New York corporation, ROBERT WOODWARD p.k.a. BOB WOODWARD, an individual, and PARAMOUNT GLOBAL, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation,<br><br>                                    Defendants. | 3:23-cv-02333-MCR-ZCB |

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Robert Woodward ("Woodward"), Simon & Schuster, Inc. ("S&S") and Paramount Global ("Paramount") (collectively, "Defendants") respectfully move to dismiss the Complaint filed by Plaintiff Donald Trump, 45th President of the United States ("President Trump" or "Plaintiff"), with prejudice and state:

1.  The Complaint sets forth nine meritless causes of action.

2. Counts I and II ("the Copyright Claims") arise "under the Copyright Laws of the United States." Compl. ¶¶59-74.

3. Count I seeks a declaratory judgment that President Trump owns a copyright in Woodward's work *The Trump Tapes: The Historical Record* (the "Work") because it includes statements Plaintiff made over the course of nineteen interviews that Woodward conducted during his term of office (the "Interviews"). *Id*. ¶¶59-66. Plaintiff further alleges that Defendants infringed his purported copyright by publishing the Work without permission and demands, "at minimum, $49,980,000.00" in damages. *Id.*

4. Count II demands that Defendants make an accounting of income and profits derived from the Work. *Id*. ¶¶67-74.

5. Counts III through IX are claims brought under various state laws. Compl. ¶¶75-127 (the "State Law Claims").

6. Counts III through V are unjust enrichment claims against each of the Defendants, alleging that they unfairly benefitted from Plaintiff's participation in the Interviews. Compl. ¶¶75-101.

7. Counts VI, VIII and IX are claims against Woodward for promissory estoppel, breach of contract and breach of the covenant of good faith and fair dealing. Compl. ¶¶102-05, 117-127.

8. Count VII is a claim against all Defendants under the Florida Deceptive and Unfair Trade Practices Act. Compl. ¶¶106-16.

9. The Copyright Claims should be dismissed for the following reasons, set forth more fully in the accompanying memorandum of law:

    a. President Trump did not have a copyright registration for the Work or any of the content he purports to own therein at the time he filed the Complaint, as required by 17 U.S.C. §411(a).

    b. Woodward is the sole author and copyright owner of the Interviews and the Work.

    c. President Trump cannot claim an ownership interest in his contributions to the Interviews or the Work since his contributions constitute a "government work" for which "[c]opyright protection … is not available." 17 U.S.C. §§101, 105.

    d. Even assuming *arguendo* that President Trump owns some copyright interest in the Interviews, the inclusion of that material in the Work is fair use under 17 U.S.C. §107.

10. The State Law Claims fail for the following reasons, set forth more fully in the accompanying memorandum of law:

      a.      The State Law Claims are barred by conflict preemption because they conflict with the government works provisions of the Copyright Act.

      b.      The State Law Claims are expressly preempted under 17 U.S.C. §301.

      c.      The State Law Claims fail to state any cause of action.

11. Additionally, all of the claims against Defendant Paramount fail because the Complaint does not allege that Paramount played any direct role in the Work's publication.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(K), Defendants respectfully request oral argument on this Motion and, together with their accompanying Motion to Dismiss or, in the Alternative, to Transfer for Improper Venue, Defendants estimate one hour as the required time for the hearing.

| | |
|---|---|
| Dated:  April 3, 2023 | **DAVIS WRIGHT TREMAINE LLP** |
| | */s/ Elizabeth A. McNamara* |
| | Elizabeth A. McNamara (NYBN 1930643<br>Linda J. Steinman (NYBN 2137305)<br>John M. Browning (NYBN 5213038)<br>Leena M. Charlton (NYBN 5622147)<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020<br>Phone: (212) 489-8230<br>Email: lizmcnamara@dwt.com<br>        lindasteinman@dwt.com<br>        jackbrowning@dwt.com<br>        leenacharlton@dwt.com |
| | **GUNSTER, YOAKLEY & STEWART, P.A.** |
| | Kenneth B. Bell (FBN 347035)<br>Lauren V. Purdy (FBN 93943)<br>Derek K. Mountford (FBN127172)<br>One Independent Dr., Suite 2300<br>Jacksonville, FL 32202<br>Phone: (904) 354-1980<br>Email: kbell@gunster.com<br>        lpurdy@gunster.com |
| | *Attorneys for Robert Woodward, Simon & Schuster, Inc. and Paramount Global* |
| | **WILLIAMS & CONNOLLY\*** |
| | Kevin T. Bane (DCBN 438394;<br>*pro hac vice pending)*<br>Thomas G. Hentoff (DCBN 128600) |
| | 680 Maine Avenue SW<br>Washington, DC 20024<br>Phone: (202) 434-5804 |

Email: kbaine@wc.com
thentoff@wc.com

*Of counsel to Robert Woodward*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Elizabeth A. McNamara*
Attorney
