UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, 45th President of the United States of America, in his individual capacity,<br><br>Plaintiff,<br><br>v.<br><br>SIMON & SCHUSTER, INC., a New York corporation, ROBERT WOODWARD p.k.a. BOB WOODWARD, an individual, and PARAMOUNT GLOBAL, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation,<br><br>Defendants. | 3:23-cv-02333-RV-ZCB |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE REPLY BRIEF IN FURTHER SUPPORT OF VENUE AND RULE 12(B)(6) MOTIONS TO DISMISS THE AMENDED COMPLAINT**

Defendants Robert Woodward, Simon & Schuster, Inc. and Paramount Global (collectively, "Defendants") respectfully submit this unopposed motion seeking leave to file a single reply memorandum of law in further support of their pending Motion to Dismiss the Amended Complaint for Improper Venue or, in the Alternative, to Transfer (Dkt. 37, the "Venue Motion") and Rule 12(b)(6) Motion to Dismiss the Complaint for Failure to State a Claim (Dkt. 38, the "12(b)(6) Motion")

(collectively with the Venue Motion, the "Motions to Dismiss").[1]  For the reasons set forth below, there are "extraordinary circumstances" pursuant to Local Rule 7.1(I) that justify permitting Defendants to file a reply memorandum of law in further support of their Motions to Dismiss, not to exceed 4,500 words, within fourteen (14) days of the date of the Court's order granting leave to file.

## ARGUMENT

This lawsuit raises issues of great public importance – including whether a President can personally own a copyright interest in interviews about matters of State conducted in the Oval Office during his incumbency – and this alone justifies granting Defendants an opportunity to respond to Plaintiff's arguments.  Yet the need for a reply brief is particularly acute here because President Trump's opposition papers raise, for the first time, multiple new claims that flatly contradict his pleadings and/or rely upon newly introduced evidence that Defendants could not address in their moving papers.  In effect, President Trump improperly seeks to amend his already Amended Complaint through his opposition briefs and, by doing so, move the goalposts late in the game.  The interests of justice strongly favor allowing

---

[1] In the event that this action is transferred to or refiled in the District of Columbia (or any other judicial district that permits movants to file reply briefs as of right), Defendants reserve the right to file a more fulsome reply brief in further support of their 12(b)(6) Motion consistent with the rules of the court that ultimately decides the 12(b)(6) Motion.

2

Defendants to rebut the new claims President Trump brought forth, particularly when they conflict with his pleadings.

*First*, good cause exists to permit Defendants to challenge arguments President Trump makes in both oppositions based on alleged communications in which the Copyright Office supposedly "expressed its willingness to grant copyright protection to President Trump as a joint author of the Work." Dkt. 44 ("12(b)(6) Opp. Br."), 8. Not only does President Trump fail to submit any evidence of this claim, but his introduction of this fact materially alters several crucial aspects of his claims:

- By suggesting that the Work might be a "joint work," President Trump has dramatically shifted his position on copyright ownership. The Amended Complaint does not allege joint ownership, but seeks a declaratory judgment that President Trump exclusively "owns [the Work] in full" or, alternatively, "owns the copyright in his [Interview] responses." Am. Compl. ¶¶70-71. And President Trump affirmatively stated in his original and amended pleadings that he "never sought to create a work of joint authorship, and in the hours of the Interviews, there is neither allusion to nor confirmation of such." Dkt. 32 ("Am. Compl."), ¶53; Dkt. 1, ¶47. Having taken this position, he is precluded from asserting joint ownership since a joint work is defined under the Copyright Act as a work "prepared by two or more authors with the *intention*

that their contributions be merged into inseparable…parts of a unitary whole." 17 U.S.C. §101 (emphasis added).

- President Trump contends for the first time in opposition that dismissal for lack of copyright registration can somehow be avoided due to his "imminent registration," despite the clear registration requirements of *Fourth Estate Pub. Ben. Corp. v Wall-Street.com*, 139 S.Ct. 881 (2019).

- In opposition to the Venue Motion, President Trump instructs the Court to consider the Copyright Office's unverified "acknowledgment of President Trump's copyrights" to determine "whether this is an action for declaratory judgment or an action for copyright infringement, or both" for the purposes of deciding which venue statute applies. Dkt. 43 ("Venue Opp. Br."), 6-7. This opportunistic ambivalence fails to recognize that President Trump elected to sue Defendants for "declaratory relief regarding ownership of copyrights" under the Declaratory Judgment Act. *See* Am. Compl., Count I. He cannot change tack now.

President Trump's evident gamesmanship presents "extraordinary circumstances" that merit an opportunity to respond. Defendants should be allowed to address the arguments that President Trump makes based on his supposed new evidence and new legal theories and why they are precluded.

*Second*, there is good cause to permit Defendants to address arguments President Trump made in his Venue Motion based on sales data that were not produced until *after* the Motions to Dismiss were filed. On May 18, 2023, the Court ordered Defendants to produce documents responsive to document requests Plaintiff had previously served that "relate to jurisdiction and/or venue," but otherwise stayed all discovery in the case. Dkt. 36. In his opposition to the Venue Motion, Plaintiff uses sales data produced pursuant to that order to argue (i) Defendants "may be found" in the Northern District of Florida for the purposes of satisfying the copyright venue statute, 28 U.S.C. §1400, and (ii) that a "substantial part of the events … giving rise to the claim" occurred here for the purpose of satisfying 28 U.S.C. §1392(b) "because of the substantial distribution, dissemination, and sale of the subject works in this district." Venue Opp. Br., 12-15. But President Trump misrepresents the data as showing significant sales in this District – in reality, there were vanishingly few – and Defendants should be permitted a reply brief in order to put this evidence into context for the Court.

*Third*, President Trump seeks to establish that Defendant Paramount Global is a proper party to this action by reference to a 10-Q form Paramount Global filed with the Securities and Exchange Commission. *See* 12(b)(6) Opp. Br. 47-49, quoting Garson Decl. Ex. D. Once again, President Trump has presented this

5

evidence in a highly misleading fashion, and Defendants' respectfully request an opportunity to set the record straight on reply.

*Fourth*, as previously mentioned, this action raises issues of significant public interest that call out for additional briefing. No President before Donald Trump has ever claimed to own a copyright in presidential interviews with a journalist or demanded compensation for the publication of those interviews. And President Trump asks this Court to adopt unprecedented positions that conflict with the government works doctrine (17 U.S.C. §§101, 105) and basic journalistic principles. The Venue Motion, like the 12(b)(6) Motion, is potentially dispositive of the proceedings before this Court, and this Court would benefit from additional briefing before making that decision as well. Moreover, Defendants have minimized the burden on the Court by asking for permission to file only one reply brief of 4,500 words to cover both of their Motions to Dismiss, which is significantly less than the 6,400 maximum permissible word limit for two reply briefs. And, given the short deadline proposed by Defendants, the filing of the reply will not materially delay disposition of the Motions to Dismiss or prejudice the parties.

A decision allowing Defendants to file a reply would also be consistent with this Court's rulings in other cases granting similar requests. *See, e.g.*, *Colon v. Strawberry*, 2015 WL 1737922, at *4 (N.D. Fla. Apr. 16, 2015) (granting permission to file reply to address "several new issues" even though "good cause … is

6

questionable in this circumstance"); *SE Property Holdings, LLC v. Fed. Deposit Insurance Corp.*, 2014 WL 12634825, at *2 (N.D. Fla. Oct. 22, 2014) (noting that defendant "was granted leave to file a reply, in which it included new rebuttal deposition cites"); *Hogan v. City of Fort Walton Beach*, 18-cv-1332-MCR-CJK, Dkt. 16 (N.D. Fla. Aug. 7, 2018) (permitting defendants to file reply in further support for motion to dismiss to address arguments newly raised by plaintiff in opposition papers).

*Finally*, Plaintiff does not oppose Defendants' request to file a reply brief. On June 13, pursuant to Local Rule 7.1(B), counsel for Defendants contacted counsel for President Trump to inform him of their intent to move this Court for leave to file reply briefs in further support of their Motions to Dismiss. On that same day, counsel for Defendants responded that he would not oppose this motion.

## CONCLUSION

For the reasons set forth above, Defendants respectfully submit this unopposed motion seeking an order granting their request to file a reply brief in further support of their Motions to Dismiss of no more than 4,500 words no later than fourteen (14) days after the date of an order granting the relief sought herein.

Dated: July 3, 2023                    **DAVIS WRIGHT TREMAINE LLP**

*/s/ Elizabeth A. McNamara*

Elizabeth A. McNamara (NYBN 1930643)
Linda J. Steinman (NYBN 2137305)
John M. Browning (NYBN 5213038)
Leena Charlton (NYBN 5622147)

1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Phone: (212) 489-8230
Email: lizmcnamara@dwt.com
         lindasteinman@dwt.com
         jackbrowning@dwt.com
         leenacharlton@dwt.com

**GUNSTER, YOAKLEY & STEWART, P.A.**

Kenneth B. Bell (FBN 347035)
Lauren V. Purdy (FBN 93943)
Derek K. Mountford (FBN 127172)

One Independent Dr., Suite 2300
Jacksonville, FL 32202
Phone: (904) 354-1980
Email: kbell@gunster.com
         lpurdy@gunster.com
         dmountford@gunster.com

*Attorneys for Robert Woodward, Simon & Schuster, Inc. and Paramount Global*

**WILLIAMS & CONNOLLY\***

Kevin T. Bane (DCBN 438394*)*
Thomas G. Hentoff (DCBN 128600)

680 Maine Avenue SW

8

>Washington, DC 20024
>Phone: (202) 434-5804
>
>Email: kbaine@wc.com
>           thentoff@wc.com
>
>*Of counsel to Robert Woodward*