

**Elizabeth A. McNamara**
(212) 489-8230 tel
(212) 489-8340 fax

lizmcnamara@dwt.com

November 2, 2023

**VIA ECF**
Hon. Paul G. Gardephe
U.S. District Court Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *Trump v. Simon & Schuster, Inc., et al.*, 1:23-cv-06883-PGG (S.D.N.Y.)

Dear Judge Gardephe:

      We represent Defendants Simon & Schuster, Inc. ("S&S"), Robert Woodward and Paramount Global (collectively, "Defendants") and we write in response to the letter President Donald J. Trump ("Plaintiff") filed yesterday afternoon in the above-captioned action.  Dkt. 64.  In that letter, Plaintiff notifies the Court that the Copyright Office has issued Copyright Registration SR0000975712, for the sound recording and text copyright in the audiobook edition of *The Trump Tapes* (the "Registration").  Plaintiff did not provide the Court with a copy of Registration, so we attach a copy. *See* Exhibit A.

      While Plaintiff asks the Court to "take judicial notice of the issuance of a copyright registration in the name of Mr. Trump, and/or permit the Plaintiff to amend its complaint…." Dkt. 64, such actions are not necessary. To expedite the resolution of this action, Defendants hereby withdraw the argument in their pending Rule 12(b)(6) motion that the Amended Complaint should be dismissed for failure to register a copyright. *See* Dkt. 58, 10.  As Defendants made clear in their motion, "registration is 'non-jurisdictional' and there is nothing preventing the Court from dismissing the Copyright Claims with prejudice on multiple grounds other than registration – including the Government Works doctrine, the impossibility of joint authorship and Woodward's status as the Work's sole author." Dkt. 60, 3.

      Further, Defendants have serious concerns about the validity of the Registration and are evaluating options to potentially seek its cancellation.  The Registration appears to register the sound recording and text of *The Trump Tapes* audiobook as a joint work, co-authored by Plaintiff and Mr. Woodward.  But this position is fundamentally inconsistent with the representations that the parties have consistently made to this Court that neither party ever intended *The Trump Tapes* to be a joint work – including Plaintiff's assertion in his Amended Complaint that "President Trump never sought to create a work of joint authorship, and in the hours of the

Hon. Paul G. Gardephe
November 2, 2023
Page 2

Interviews, there is neither allusion to nor confirmation of such." Dkt. 32, ¶ 53. *See also* Dkt. 1, ¶ 47.

      The substantive issues raised in Defendants' motion to dismiss are ultimately for the Court to decide, not the Copyright Office. The existence of the Registration has no bearing, for instance, on the legal issue of whether Plaintiff's contributions to *The Trump Tapes* are government works that do not qualify for copyright protection in the first place. *See* Copyright Office Compendium 504.1 ("[A] registration does not extend to uncopyrightable material that appears in a work of authorship, even if the registration does not contain an annotation or even if it contains ambiguous language that may refer to uncopyrightable material."). In short, this Court should resolve each of the remaining issues raised by the pending motion to dismiss – including the government work doctrine, copyright ownership, fair use and preemption.

      We appreciate the Court's attention to this matter and stand ready to provide any further assistance that the Court requires.

      Respectfully submitted,

      Davis Wright Tremaine LLP

      /s/ Elizabeth A. McNamara

      Elizabeth A. McNamara

cc:    Counsel of Record (via ECF)

Enclos.