**GS2LAW**

Robert Garson
20803 Biscayne Blvd., 4th Floor
Aventura, FL 33180
E: rg@gs2law.com
P: +1.305-780-5212

December 17, 2024

VIA ECF
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re: Trump v. Simon & Schuster, et al., Case No. 1:23-cv-06883 (PGG)(BCM)

Dear Judge Gardephe,

We represent President Donald J. Trump ("Plaintiff") in the above-captioned matter and write further to our letter, dated November 20, 2024, [ECF No. 78] in which we requested that the Court address this case, certainly as it pertains to discovery. So that this Court is aware, Requests for Documentary Discovery and Responses to Interrogatories were served as far back as April 11, 2023. Hon. Casey Rogers imposed a stay of discovery on May 18, 2023 [ECF 36] pending resolution of the Defendants' motion to transfer venue and/or motion to dismiss for failure to state a claim. Respectfully, the time has come to revisit the issue of discovery.

President Trump is keen to advance this case, vindicate his rights and ensure that future violations do not occur during his upcoming presidential term. As this Court knows, the Copyright Office granted a copyright registration to President Trump in the Work, Reg. No. SR0000975712, yet Defendants continue to profit from President Trump's narration, undoubtedly buoyed by his resounding victory and resurgence in this year's elections. There has never been an accounting rendered to date.

Since President Trump's decisive victory resulting him being due to become the 47th President of the United States, there has been a renewed accountability among those who violated his rights over the last four years. Indeed, in *Trump v. American Broadcasting Companies, Inc.* (1:24-cv-21050 District Court, S.D. Florida), where *ABC* was represented by the same counsel that represents the Defendants in this case, the defendants recognized the error of their ways and have shown their level of regret in words and deed. See Exhibit A attached. President Trump is hopeful that the Defendants in this case follow Mr. Stephanopoulos' expression of contrition, especially since the Defendants have and and continue to profit.

This Court has never visited whether the maintenance of the stay comports with the law in the Southern District of New York. In this jurisdiction, "[w]hen a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; they include the following: (1) a strong showing, by the defendants, that the plaintiff's claim(s) lacks merit; (2) the breadth of the discovery demanded and the burden of responding to it; and (3) the risk of unfair prejudice to the plaintiff." See *Kassover v. UBS A.G.*, No. 08-cv-2753 LMM-KNF, 2008 U.S. Dist. LEXIS 105213, 2008 WL 5395942, at *4 (S.D.N.Y. Dec. 19, 2008).

Since this Court has not yet scheduled oral argument on the pending motion, which all counsel have requested, any further delays in this case will cause significant harm to not only to the President-elect, who is has been conclusively chosen by the American people to lead the Nation, but also the American people. Therefore, we respectfully ask this Court to allow President Trump to advance this case, or at least brief the Court on the lifting of the stay of discovery.

Respectfully Submitted,

Robert Garson

cc: All Counsel of Record (via ECF)

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into as of December 13, 2024, by and between President Donald J. Trump ("Plaintiff"), American Broadcasting Companies, Inc., ("ABC"), ABC News, Inc. ("ABC News"), and George Stephanopoulos ("GS"); (ABC, ABC News, and GS are collectively the "Defendants"). Collectively, Plaintiff, and each of the Defendants are the "Parties," and each of the Parties is a "Party."

## RECITALS

**WHEREAS** on March 10, 2024, ABC broadcasted an interview between GS and United States Representative Nancy Mace on *This Week With George Stephanopoulos*, republished the interview on abcnews.go.com and other media, and quoted from the interview in a March 10, 2024 online article[1] (the "Interview"); and

**WHEREAS** on March 18, 2024, Plaintiff sued the Defendants in the United States District Court for the Southern District of Florida, Miami Division (the "Court"), in the action captioned *President Donald J. Trump v. American Broadcasting Companies, Inc., ABC News, Inc. and George Stephanopoulos*, Case No. 1:24-cv-21050 stating that certain statements contained in that interview were false and defamatory (the "Action"); and

**WHEREAS** the Parties desire to resolve the Action without further litigation and, therefore, have agreed to compromise, settle, and release any and all claims between Plaintiff and Defendants that arise out of the Interview or the Action to avoid the further expense, inconvenience and distraction of litigation.

---

[1] https://abcnews.go.com/Politics/nancy-mace-defends-support-trump-after-found-liable/story?id=107964612

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth in this Agreement, and the Parties agreeing to release one another of any related claims or liability and for the good and valuable consideration recited herein, the receipt and sufficiency of which each of the Parties acknowledges, and intending to be bound hereby, the Parties agree as follows:

1.  **Contribution.**

ABC shall cause a transfer in the amount of fifteen million U.S. dollars (USD $15,000,000) (the "Charitable Contribution") to be made to a Presidential foundation and museum to be established by or for Plaintiff, as Presidents of the United States of America have established in the past, in full settlement and satisfaction of Plaintiff's Released Claims as defined in paragraph 5(A) of this Agreement. The Charitable Contribution shall be made by Defendants within 10 calendar days of the Effective Date of this Agreement to an escrow account to be established by Plaintiff's counsel, who will serve as the escrow agent (the "Escrow Agent") for this specific Charitable Contribution. Within 10 calendar days after Plaintiff or his counsel present written confirmation that the appropriate entity has been established by the Plaintiff, and its 501 (c)(3) status has been recognized by the Internal Revenue Service, Defendants shall authorize the Escrow Agent in writing to release the Charitable Contribution to the subject entity.

2.  **Defendants' Statement.**

Within one calendar day of the Effective Date of this Agreement, Defendants shall publicly publish the following statement by adding it as an editor's note at the bottom of the March 10, 2024 Online Article:

"ABC News and George Stephanopoulos regret statements regarding President Donald J. Trump made during an interview by George Stephanopoulos with Rep. Nancy Mace on ABC's This Week on March 10, 2024."

2

3.  **Payment of Reasonable Attorney's Fees.**

Defendants shall cause a payment in the amount of one million U.S. dollars (USD $1,000,000) to be made to Plaintiff's counsel, Brito, PLLC, no later than 10 calendar days after the Effective Date of this Settlement Agreement or the receipt of a completed W9, whichever is later.

4.  **Dismissal of the Action.**

On the Effective Date, the Parties shall file a Notice of Settlement and shall attach this Agreement to such Notice of Settlement. Within five calendar days of the Defendants' payment to Plaintiff's counsel of both amounts set forth in paragraphs 1 and 3, above, Plaintiff shall file a stipulation of dismissal with prejudice with the Court and take whatever other actions are necessary to ensure that the Action is dismissed in its entirety with prejudice.

5.  **Releases.**

    A.  *Plaintiff's Release.* Plaintiff hereby releases and forever discharges the Defendants, together with their predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates, and assigns, and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest, and all persons acting by, through, under or in concert with them, and each of them, for any acts or omissions related to or arising from the Interview or the Action (collectively, "Plaintiff's Released Claims"). Plaintiff is not releasing Defendants of their obligations under this Agreement.

    B.  *Defendants' Release.* Defendants hereby release and forever discharge Plaintiff, together with his attorneys, agents, employees, managers, representatives, assigns, and successors in interest, and all persons acting by, through, under or in concert with

3

them, and each of them, for any acts or omissions related to or arising from the Interview or the Action. (collectively, "Defendants' Released Claims"). Defendants are not releasing Plaintiff of his obligations under this Agreement.

6. **Representations and Warranties.**

    *A.* *No Assignment or Transfer of Claims.* Each Party represents and warrants that it is the rightful owner of and has not encumbered, assigned, or transferred, nor will it in the future attempt to encumber, assign, or transfer, any claim for relief or cause of action released herein.

    *B.* *Parties' Authority to Settle.* Each Party represents and warrants that it has full authority to enter into, deliver, and perform under this Agreement.

    *C.* *Signatories' Authority to Execute Agreement.* Each signatory to this Agreement represents and warrants that it is authorized to execute this Agreement on behalf of the Party for which they executed this Agreement.

7. **Cooperation.**

    Each Party agrees to take all actions and to make, deliver, sign, and file any other documents and instruments necessary to carry out the terms, provisions, purpose, and intent of this Agreement.

8. **Agreement is Legally Binding.**

    The Parties intend this Agreement to be legally binding upon and inure to the benefit of the Parties' respective successors-in-interest, assigns, transferees, grantees, heirs, executors, administrators and representatives.

9. **Entire Agreement.**

This Agreement constitutes the final, complete and exclusive agreement and understanding between and among the Parties and supersedes all prior or contemporaneous written or oral agreements related to its subject matter.

10. **Interpretation.**

The headings in this Agreement are for convenience and are not to be used as an aid in interpreting its terms. The Parties agree that they participated equally in drafting and negotiating the terms of this Agreement, and the rule of construction that any ambiguities are to be construed against the drafting party shall not apply to this Agreement.

11. **Waiver or Modification.**

No waiver of any term or provision of this Agreement shall be binding unless executed in writing by the Party making the waiver, and no modification or amendment to this Agreement shall be binding unless in writing and executed by all Parties.

12. **Provisions Severable.**

If any provision of this Agreement shall for any reason be invalid or unenforceable, the remainder of this Agreement shall be enforced to the greatest extent permitted by law.

13. **Counterparts and Copies.**

This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Docusign, facsimile signatures and signature pages sent by email shall be binding as though they are originals.

14. **Effective Date.**

This Agreement will become effective when a fully executed copy of this Agreement is delivered to counsel for Plaintiff and counsel for Defendants (the "Effective Date").

15. **Notices.**

Any notice or other communication required or permitted to be delivered to a Party under this Agreement shall be in writing and shall be deemed to have been duly given if delivered personally or sent by regular mail, facsimile, electronic mail or courier, upon receipt. All such notices, demands and other communications required or permitted to be delivered under this Agreement shall be addressed as follows:

    If to Plaintiff:

    Brito, PLLC
    2121 Ponce De Leon Boulevard
    Suite 650
    Coral Gables, Florida 33134

    If to the Defendants:

    Sr. EVP & Chief Legal & Compliance Officer
    The Walt Disney Company
    500 South Buena Vista Street
    Burbank, CA 91521

    and:

    Chief Counsel
    ABC News
    7 Hudson Square
    New York, NY 10013

**IN WITNESS WHEREOF**, and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below

_____
President Donald J. Trump
Dated: December 13, 2024

6

Docusign Envelope ID: F330AAC5-B481-400C-BFB8-176831D3A690

DocuSigned by:
Debra O'Connell
8A92825E25344FD...

American Broadcasting Companies, Inc.
Dated: December 13, 2024

DocuSigned by:
61B8E4150CED44F...

ABC News, Inc.
Dated: December 13, 2024

DocuSigned by:
GRS
1B5A5E844D3443F...

George Stephanopoulos
Dated: December 13, 2024

7